IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60627
USDC No. 4:95-CV-67-S-A
_____

ROGER ERIC THORSON,

                                        Plaintiff-Appellant,

versus

HARRISON COUNTY ET AL.,

                                        Defendants,

KIRK FORDICE; EDDIE LUCAS;
EDWARD HARGETT; MISSISSIPPI
DEP'T OF CORRECTIONS; ROGER
COOK; J.J. STREETER,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
- - - - - - - - - - -

April 7, 1997
Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Roger Eric Thorson (Mississippi prisoner # 08836C), moves

this court for leave to appeal *in forma pauperis* (IFP) under the

Prison Litigation Reform Act of 1995 (PLRA) in his appeal from

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the district court's denial of his motion pursuant to FED. R. CIV. P. 60(b)(6).  The motion for leave to proceed IFP is GRANTED. The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105.  As Thorson does not have funds for immediate payment of this fee, he is assessed a partial filing fee of 40¢ in accordance with 28 U.S.C. § 1915(b)(1).  Following payment of the partial filing fee, funds shall be deducted from Thorson' prisoner account until the full filing fee is paid.  *Id.*

IT IS ORDERED that Thorson pay the appropriate filing fee to the Clerk of the District Court for the Northern District of Mississippi.  IT IS FURTHER ORDERED that the agency having custody of Thorson's inmate account shall collect the remainder of the $105 filing fee and forward for payment to the Clerk of the District Court for the Northern District of Mississippi in accordance with 28 U.S.C. § 1915(b)(2).

Thorson argues that the district court abused its discretion by denying his Rule 60(b)(6) motion.  As Thorson's Rule 60(b)(6) motion did not present the district court with "extraordinary circumstances" justifying relief, the denial of Thorson's motion did not rise to the level of an abuse of discretion.  *Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).  The decision is AFFIRMED.